UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT OFFERDAHL,<br><br>                Plaintiff,<br><br>    v.<br><br>HARNISH LINCOLN MERCURY,<br><br>                Defendant. | Case No.  C05-5273RJB<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

      This matter comes before the court on a letter received from plaintiff on July 5, 2005.  Dkt. 15.  The court has considered the letter and the remainder of the record herein.

      On April 15, 2005, plaintiff filed a civil action.  On June 8, 2005, defendant filed an answer.  Dkt. 12.  Plaintiff filed an application for court appointed counsel (Dkt. 4), which the court denied based upon the recommendation of the *Pro Bono* Screening Panel.  *See* Dkt. 9.

      Following a letter filed with the court on June 20, 2005, the court issued an Order Clarifying Procedural Requirements.  Dkt. 14.  In that order, plaintiff was informed that, even though he is proceeding on his own behalf, without counsel, he is required to follow the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Washington.  *Id.*

      On July 5, 2005, plaintiff filed another letter with the court, requesting again that the court appoint

ORDER
Page - 1

counsel to represent him in this matter, or, if that is not possible, "I do request any help that is provided by the Court." Dkt. 15.

     **1. Request for Appointment of Counsel.** Plaintiff requests that the court appoint counsel to represent him in these proceedings.

     Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981).

     In this case, the *Pro Bono* Panel recommended that the court deny plaintiff's motion for appointment of counsel. Pursuant to his financial affidavit submitted in support of his original motion to appoint counsel, plaintiff earns $1802.91 per month, his wife earns $1164.41. Dkt. 4. In addition, plaintiff has significant assets and other income. *Id.* At this point, plaintiff has not shown that the claim has merit. Plaintiff has not shown good cause for appointment of counsel, and his request should be denied.

     **2. Assistance by the Court**

     Plaintiff requests any help that is provided by the court. Plaintiff made the choice to file this case on his own behalf, without counsel. At this point, he is proceeding without counsel. As the court previously informed plaintiff, he is expected to comply with the applicable federal and local rules of procedure. The court serves as a neutral decision-making body, and does not act as an advocate or advisor to a party to a case.

     Therefore, it is hereby

     **ORDERED** that plaintiff's request for appointment of counsel (Dkt. 15) is **DENIED**.

     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of July, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge