UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT A. OFFERDAHL,<br><br>  Plaintiff,<br><br>  v.<br><br>HARNISH LINCOLN MERCURY,<br><br>  Defendant. | Case No. C05-5273RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF OF INTERROGATORIES |

This matter comes before the court on plaintiff's Motion for relief of Interrogatories. Dkt. 17. The court has considered the relevant documents and the remainder of the file herein.

On April 15, 2005, plaintiff filed a civil action. On June 8, 2005, defendant filed an answer. Dkt. 12. On July 7, 2005, plaintiff filed a Motion for relief of Interrogatories. Dkt. 17. Plaintiff requests that the court permit him to decline to answer interrogatories propounded to him by defendant's counsel because (1) he does not want to name the witnesses he will be calling, most of whom are present employees of Harnish Lincoln Mercury (Harnish), because he does not want to have these individuals badgered or retaliated against by Harnish even before the trial starts; (2) he does not want to disclose what each individual knows, since these individuals are employees of Harnish; (3) he does not want to produce documents about his termination that would give Harnish time to retaliate against any witnesses who are presently working at Harnish; and (4) he does not want to disclose the amount of his damages because not all damages are monetary and because monetary damages are none of their business at this point. Dkt. 17.

Plaintiff has not filed a certificate of service showing that he served a copy of this motion on defendant's counsel. Defendant's counsel has not filed a response to this motion. **Plaintiff is hereby**

ORDER
Page - 1

**notified of the requirements of Local Rule CR 7(b) for service of motions on opposing counsel, and of Local Rule CR 5(f) for filing proof of service with the court.  Plaintiff is notified that if he fails to comply in the future with the federal and local rules of procedure, the court may disregard any document or motion he files that fails to comply with those rules**.  Nonetheless, in the interest of fairness and efficiency, the court will address this motion on the merits.

Plaintiff has not provided a copy of the interrogatories that are the subject of his motion.  However, the court can address plaintiff's arguments related to those interrogatories, based upon the representations he has made and his reasons for failing to answer those interrogatories.

The procedures set forth in the Federal Rules of Civil Procedure and the Local Rules for the United States District Court of the Western District of Washington are designed to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.  Pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Litigation is not a game of surprise.  The integrity and fairness of the judicial process is served when all parties have access to information that will be relevant to the claims and defenses.

Plaintiff does not appear to understand his responsibilities regarding discovery in this case.  He has chosen to file this civil action.  Under the rules of discovery, "[parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1).  The identity of witnesses, the nature and extent of the knowledge of the witnesses, documents related to plaintiff's termination, and the nature and extent of his damages are relevant to claims and defenses of the parties to this action.  Plaintiff contends that he does not want his witnesses retaliated against by defendant.  He has not, however, supported his concern with any facts that would establish that witnesses who are currently employed by Harnish are in danger of harassment or retaliation, should they be identified.

Plaintiff has chosen to file this civil action.  He must therefore participate in the discovery process as set forth in the civil rules of procedure; he may not hold back relevant information, intending to surprise defendant at a trial.  The court notes, however, that plaintiff is not precluded from requesting appropriate relief from the court should defendant violate the discovery rules, or should plaintiff be able to set before

the court specific facts that would establish that Harnish has or will retaliate against any of the witnesses whose names plaintiff provides to defendant's counsel.

Although plaintiff has not provided a copy of the interrogatories at issue, his reasons for not providing the names of witnesses, scope and nature of the knowledge of the witnesses, documents relevant to his termination from Harnish, and amount of damages are unpersuasive. His motion should be denied.

Therefore, it is hereby

**ORDERED** that plaintiff's Motion for relief of Interrogatories (Dkt. 17) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of July, 2005.

_____
Robert J. Bryan
United States District Judge

ORDER
Page - 3