UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT OFFERDAHL,

                Plaintiff,

      v.

HARNISH LINCOLN MERCURY,

                Defendant.

Case No. C05-5273RJB

ORDER DENYING MOTIONS

      This matter comes before the court on plaintiff's Motion to Request ADR from Court (Dkt. 21) and on plaintiff's request for an interpreter (Dkt. 22). The court has considered the relevant documents and the remainder of the record herein.

      On April 15, 2005, plaintiff filed a civil action. On June 8, 2005, defendant filed an answer. Dkt. 12.

**1. Plaintiff's Motion to Request ADR from Court (Dkt. 21)**

      On July 22, 2005, plaintiff filed a motion, requesting that the court order alternative dispute resolution at this early stage of the case. Plaintiff believes that ADR now would have a significant possibility of fostering an early and inexpensive resolution of the case.

      On June 30, 2005, the court issued an Order Regarding Initial Disclosures, Joint Status Report and Early Settlement, setting September 1, 2005 as the deadline for filing the Joint Status Report. Dkt. 11. In that order, the parties are required to address the method of ADR the parties prefer, and the timing of the

ORDER
Page - 1

ADR. *Id.* Court intervention at this time is neither necessary nor appropriate. Plaintiff's motion should be denied without prejudice.

**2. Plaintiff's Request for an Interpreter (Dkt. 22)**

On July 27, 2005, plaintiff sent a letter to the Clerk of the Court, requesting "an interpreter to decipher some of the rules regarding my age discrimination case." Dkt. 22. Plaintiff stated as follows:

> Although I can access some of the rules on the internet and I did get a copy of the form on being my own attorney in this case, many of the rules are not clear to me. Also, there is no list of what things should be done at any certain time. I realize that ignorance is no excuse for the law, I am just asking for the words in a layman's language.

Dkt. 22.

Plaintiff has not shown that he is unable to read or understand the English language. Appointment of an interpreter is not appropriate unless plaintiff makes such a showing. Further, plaintiff apparently bases this request not on his inability to speak and understand English, but on his difficulty understanding the rules of procedures. Plaintiff's request for appointment of counsel has been denied twice. Dkt. 9 and 16. Plaintiff chose to file this case on his own behalf, without the assistance of counsel. As he has been previously informed, plaintiff is required to comply with the applicable federal and local rules of procedure. Plaintiff's request for an interpreter should be denied.

Therefore, it is hereby

**ORDERED** that plaintiff's Motion to Request ADR from Court (Dkt. 21) is **DENIED WITHOUT PREJUDICE**. Plaintiff's Request for an Interpreter (Dkt. 22) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of August, 2005.

Robert J. Bryan
United States District Judge

ORDER
Page - 2